**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael ROBINSON, Defendant–Appellant.**

No. 03–1449.

United States Court of Appeals, Sixth Circuit.

Dec. 16, 2003.

Patricia G. Gaedeke, Jennifer J. Peregord, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Lawrence J. Bunting, Troy, MI, for Defendant–Appellant.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.*

* The Honorable Judge Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

KENNEDY, Circuit Judge.

Defendant Michael Robinson appeals his jury conviction on count one for assaulting, resisting, and impeding a federal employee in violation of Title 18 U.S.C. §§ 111(a)(1) and (b) on the ground that the district court, during jury deliberations, gave the jury an improper and misleading answer to one of its questions, thereby prejudicing defendant and committing reversible error.[1] For the reasons explained below, we AFFIRM the judgment of the district court.

## I. Background

On September 29, 2001, defendant, his mother-in-law, Olive Carpenter, both passengers, and his wife, Olivia Robinson, the driver, sought to enter the United States from Windsor, Canada, via the Detroit Windsor Tunnel. They were unsuccessful because Carpenter had insufficient verification of her Canadian citizenship. Later that day, they successfully entered the United States after proceeding through the tunnel's primary and secondary inspection areas. While driving on a freeway in Detroit, however, Mrs. Robinson accidentally entered a lane leading to the Ambassador Bridge to Windsor. After turning around at a toll booth, defendant's vehicle once again had to pass through a primary inspection booth. Although the customs inspector whose primary booth the vehicle approached initially directed defendant's vehicle to proceed to a toll booth, he subsequently directed defendant's vehicle to the secondary inspection area after he received a computer notification flagging the vehicle for a further inspection of Carpenter's citizenship. After the vehicle pulled up to the secondary inspection area, defendant and the other occupants exited the vehicle, yelling and cursing. At some point, Customs Inspector Christopher Hodge instructed Customs Inspector Donald Martin to secure defendant, who was becoming increasingly irate, with handcuffs. As Martin was grabbing defendant's arm, defendant swung a clenched fist toward the top of Martin's head. Defendant testified that he neither struck nor intended to strike Martin, but was merely attempting to point out the individual who had directed them to proceed past secondary inspection to a toll booth. After defendant attempted to break free from Martin's grasp, several inspectors, including Martin, and a police officer attempted to take defendant into custody. Due to defendant's continued resistance, they finally subdued defendant only after using a range of compliance techniques escalating in severity. After the incident, Martin had a lump on his head, a lacerated elbow, and bruised ribs.

Twice during defendant's three-day jury trial-after the jury was empaneled and before closing arguments-, the district court instructed the jury on count one as follows:

[T]he [g]overnment must prove the following five essential elements beyond a reasonable doubt: First, [d]efendant forcibly assaulted Donald Martin. Second, [d]efendant inflicted bodily injury upon Donald Martin during the course of the assault. Third, at the time of the forcible assault, Donald Martin was an officer or an employee of the United States. Fourth, Donald Martin was engaged in official duties at the time of the [d]efendant's forcible assault.... [F]ifth, the forcible assault was committed voluntarily and intentionally by the [d]efendant.

During the latter instructions, however, the district court also explained that the

---

1. Defendant does not appeal his jury conviction on count two for wilfully injuring property of the United States, thereby causing damage to such property not over $1,000.00, in violation of Title 18 U.S.C. § 1361.

term *forcible assault* denotes "any deliberate and intentional attempt or threat to inflict physical injury upon another with force of strength when that attempt or threat is coupled with an apparent present ability to do so." As the court instructed, although a defendant may commit a forcible assault "without actually touching, striking[,] or doing bodily harm to another, the [g]overnment must prove that the actions of the defendant were of such a nature [as] to put the person against whom they are directed in fear of immediate bodily harm." *See United States v. Chambers,* 195 F.3d 274, 277 (6th Cir.1999).

During jury deliberations, the jury sent a note to the court advising it that the jury was deadlocked on count one and seeking its advice. With both parties' consent, the district court gave the jury an *Allen* charge. A few hours later, the jury again sent a note to the court asking the following two questions: 1) "Does the fact that he resisted mean [that] he forcibly assaulted in accordance ... [with] [c]ount [o]ne against the [d]efendant ... ?"; and 2) "To violate Title 18, does it have to be a forcible assault?" In responding to the former question, the district court first instructed that defendant was charged under a statute entitled "Assaulting, Resisting, or Impeding Certain Officers or Employees," and that the indictment charged that defendant "did resist, oppose, impede, intimidate, interfere with[,] and inflict injury while forcibly assaulting a Federal Officer." Over objections by both the government and defense counsel, the district court modified the charge on the offense's first element by instructing that the government must prove that "[d]efendant resisted while forcibly assaulting" Martin. So as to be consistent with the prosecution's theory of the case, the district court answered the jury's second question in the affirmative, instructing that forcible assault is required to convict the defendant under Title 18. The district court provided the jury with copies of these supplemental instructions for their use during deliberations, directing them to substitute these instructions for the corresponding original instructions.

Accepting the district court's offer to present additional argument due to the supplemental instructions, defense counsel argued that defendant did not forcibly assault Martin while resisting arrest. Counsel argued that defendant did not swing at Martin but, rather, pointed out a particular customs inspector, and that defendant never deliberately attempted to inflict bodily injury upon Martin. Presumably to refute a finding of resistance, defense counsel asserted that Inspector Hodge testified that the only action that he saw defendant take against Martin was when defendant took a swing at Martin after Martin grabbed defendant's arm to take him into custody. As defense counsel argued, this shows that, at most, defendant did not want Martin to jerk defendant's arm behind his back. In response, the government argued that defendant violently resisted arrest by first swinging at Martin and then by kicking, pushing, and flailing as Martin attempted to place defendant in handcuffs, thereby putting Martin "in fear of immediate bodily harm" and inflicting injury upon him. Approximately twenty-five minutes after the court had recessed, the jury returned a unanimous verdict finding defendant guilty on count one. The district court sentenced defendant to concurrent terms of fifteen months of imprisonment followed by three years of supervised release. Defendant timely appeals his conviction under Title 18 U.S.C. §§ 111(a)(1) and (b) on the ground that the district court committed reversible error when, in response to the jury's first question during deliberations, the district court prejudicially "combined the concept" of resistance with the element of forcible assault.

## II. Analysis

We review a district court's "actions in responding to questions from the jury" for an abuse of discretion. *United States v. August*, 984 F.2d 705, 712 (6th Cir.1992). A supplemental instruction was proper where "it fairly respond[ed] to the jury's inquiry without creating ... prejudice." *United States v. Nunez*, 889 F.2d 1564, 1568 (6th Cir.1989) (internal quotation marks omitted) (holding that a district court "must exercise its sound discretion in determining what type of supplementary instructions" to give to "a deliberating jury that seeks clarification of the law"). Yet, we "may reverse a judgment only if the instructions, viewed as a whole, were confusing, misleading[,] and prejudicial." *United States v. Khalil*, 279 F.3d 358, 367 (6th Cir.2002) (internal quotation marks omitted). Under this high standard for reversal, we review the jury instructions, in their entirety, to determine whether they "adequately inform[ed] the jury of the relevant considerations and provide[d] a sound basis in law to aid the jury in reaching its decisions." *Id.* (internal quotation marks omitted). Eighteen U.S.C. §§ 111(a)(1) and (b), in combination, mandate:

> Whoever ... forcibly assaults, resists, opposes, impedes, intimidates, *or* interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties ... [*and*] inflicts bodily injury ... shall be fined under this title or imprisoned not more than 20 years, or both.

(emphasis added).

Here, defendant contends that the district court responded to the jury's first question as to whether resistance signifies forcible assault by erroneously equating or combining resistance with forcible assault and that, consequently, the jury could have convicted defendant of forcible assault based upon a finding of non-forcible resistance, contrary to § 111(a)(1)'s force requirement. *See United States v. Kimes*, 246 F.3d 800, 807 (6th Cir.2001) ("Forcibly" is a distinct element of the offense.). Defendant maintains that the district court should have simply answered in the negative. As evidence of the alleged error, defendant argues that the jury's first question reveals that it simply found that defendant resisted Martin. Moreover, as evidence of the profound prejudicial impact that the supplemental instructions had on the jury, defendant underscores that the jury, within twenty-five minutes of receiving those instructions, returned a unanimous verdict of guilty despite being previously deadlocked. However, contrary to defendant's argument, the district court did not treat resistance as synonymous with forcible assault when it charged that the government must prove that "[d]efendant resisted while forcibly assaulting" Martin. Had the district court instructed that the government must prove that "defendant forcibly assaulted by resisting" Martin, defendant's argument that the district court defined forcible assault by mere resistance would be more persuasive. Rather, in using the conjunction *while*, which denotes "during the time that," the district court was, in effect, instructing the jury that the government must prove defendant's resistance *in addition to* defendant's forcible assault.[2] Moreover, in an-

---

2. In support, we note that, although the district court had considered instructing the jury that it must have a unanimous verdict as to the manner in which defendant committed the offense-either through resistance or assault-, it did not ultimately do so; this suggests that the instructions did not treat resistance and assault as alternate theories for the commission of the offense, but, rather, simply described the course of conduct in which defendant allegedly engaged and which was illegal in its totality. We also note that the prosecution initially declined to present additional argument to the jury after the supplemental instructions on the ground that they

824

swering the jury's second question, the district court clearly instructed the jury that it must find that defendant committed a forcible assault in order to find him guilty under 18 U.S.C. §§ 111(a)(1) and (b). Thus, the instructions, as a whole, did not permit the jury to convict defendant without finding the requisite element of force.

Defendant also asserts that the supplemental jury instructions improperly modified the prosecution's theory of the case-that defendant forcibly assaulted Martin by striking him-by adding another theory upon which the jury could have convicted defendant-defendant's resistance. In particular, defendant contends that, due to this improper modification, neither party comprehensively examined nor cross-examined the witnesses as to the precise nature and extent of defendant's resistance. Based upon his arguments before the district court, the thrust of defendant's argument seems to be that the jury instructions improperly permitted the jury to convict defendant based upon a theory that the initial jury instructions did not charge, the prosecution did not advance at trial, and that defendant did not defend against.[3] However, as explained above, the supplemental jury instructions did not alter the prerequisite of forcible assault, but, rather, required resistance in addition to forcible assault. Thus, the supplemental instructions inured to defendant's benefit as they, in effect, heightened the gov-

ernment's burden of proof. In any event, the supplemental instructions incorporating the allegation of resistance did not modify the prosecution's theory of the case. In its opening statement, the prosecution, in arguing that defendant forcibly assaulted Martin, alleged that defendant, after striking Martin in the head, violently resisted arrest until the inspectors ultimately subdued him. In its closing argument, the prosecution contended that defendant first forcibly assaulted Martin when he took a swing at Martin's head, but continued to assault Martin forcibly when he violently resisted arrest by pushing, punching, and kicking at Martin. Moreover, both the indictment and the evidence at trial supported the supplemental instructions incorporating the allegation of resistance.[4] The supplemental instructions, as a whole, did not prejudice defendant because his conviction rests upon a finding of forcible assault-a theory that the prosecution advanced at trial, that defendant comprehensively defended against, and that the indictment and every set of jury instructions charged. In sum, we find that the district court's jury instructions, viewed in their entirety, were not confusing, misleading, or prejudicial so as to constitute reversible error and, thus, we AFFIRM the judgment of the district court.[5]

did not change the prosecution's theory of the case because they still required a finding of forcible assault.

3.  For example, during closing arguments, defense counsel chiefly argued that defendant never swung at Martin and, thus, never forcibly assaulted him.

4.  The indictment charged that defendant "did resist, oppose, impede, intimidate, interfere with and inflict injury while forcibly assaulting" Martin; because it was not phrased in

the disjunctive, the indictment, thus, seemed to accuse defendant of engaging in each of the six separate acts that could individually constitute a violation of the statute, including resistance. At trial, several of the customs inspectors testified regarding defendant's resistance.

5.  In holding that the jury instructions, as a whole, do not constitute reversible error, we leave open whether the instructions' requirement of both resistance and forcible assault was necessary. See Kimes, 246 F.3d at 810

(affirming that § 111(a)(1) specifies the six distinct ways in which one could commit the "single crime of harming or threatening a federal official"); *United States v. Austin*, 933 F.2d 833 (10th Cir.1991) (holding that variance between an indictment and jury instructions charging the crime in the conjunctive and disjunctive, respectively, was not prejudicial error; the court properly and accurately resolved the jury's confusion by instructing that one could commit the offense in the disjunctive); *Cunningham v. United States*, 356 F.2d 454 (5th Cir.1966) (holding that the indictment charging, in the conjunctive, that defendant committed several of the acts that individually violate the statute did not bar defendant's conviction if the government proved only one of those acts).