**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0285n.06

**No. 11-5150**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| PHINEHAS WEEKES, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant | ) | |
| | ) | |

BEFORE: SUTTON and GRIFFIN, Circuit Judges; and WELLS, District Judge.[*]

WELLS, District Judge.

Phinehas Weekes appeals a jury conviction on assault charges, pursuant to 18 U.S.C. § 111(a)(1), in connection with a fight between Mr. Weekes and Officer Bryan Slagle, a corrections officer at the United States Penitentiary McCreary, where the Appellant is housed as an inmate. Mr. Weekes claims (1) the evidence was insufficient to warrant his conviction and (2) the district court failed to properly instruct the jury on the element of physical assault as a component of a felony assault offense. Finding the evidence sufficient to convince a reasonable jury of guilt beyond a reasonable doubt, and further finding the jury instruction error harmless, we affirm the conviction.

---

[*]The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

I.

On 27 January 2010, Corrections Officer Bryan Slagle confiscated a set of unauthorized bed sheets from Mr. Weekes' cell at the United States Penitentiary in McCreary County, Kentucky. Mr. Weekes had placed the sheets over his cell windows blocking any view by corrections personnel. That evening Mr. Weekes made his way to Officer Slagles' office to discuss the removal of the extra sheets and to ask the Officer to sign a form permitting the Appellant's use of extra bed sheets.

Officer Slagle testified that when he refused to sign the form Mr. Weekes became agitated. Officer Slagle spoke of feeling threatened and endangered. Further testimony indicated that Officer Slagle stepped around his desk and placed his hands on the Appellant to restrain him. When Officer Slagle attempted to force Mr. Weekes against the wall, the Appellant "kicked off" the wall and "body slammed" the officer to the ground where, according to Officer Slagle, Mr. Weekes pinned him to the ground and punched him repeatedly until other officers arrived to remove Mr. Weekes.

Mr. Weekes testified that Officer Slagle came around the desk and attacked him, knocked him against a wall, and began choking him. Mr. Weekes insisted that he took action to protect himself, pinning Officer Slagle to the ground until additional officers arrived. Appellant further remarked that he did not resist the arriving officers and denied confronting, swinging at, punching, or intending to hurt Officer Slagle.

Officer Joseph Crawford testified that when he arrived at the scene he witnessed Mr. Weekes attempting to strike Officer Slagle while the Appellant sat atop of the officer. Officer Crawford

testified that, with the assistance of Officers Dixon and Foster, Mr. Weekes was eventually restrained.

The government charged the Appellant with Assault on a Protected Officer, a violation of 18 U.S.C. § 111(a)(1). After a one day trial on the merits, a jury found Mr. Weekes guilty beyond a reasonable doubt:

1. That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Corrections officer Bryan Slagle;

2. That the person assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal law enforcement officer who was then engaged in the performance of his official duties.

3. That the defendant acted knowingly and intentionally and

4. That the defendant was not acting in self-defense.

Following a hearing, the district court sentenced Mr. Weekes to serve 24 months in the Bureau of Prisons, the time to be served consecutive to any other previous sentence. Mr. Weekes' Sentencing Guideline range provided for between 24 and 30 months of imprisonment for this conviction.

II.

In reviewing the denial of a motion challenging the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This court reviews *de novo* whether the evidence is sufficient, determining if after viewing all evidence in the light most favorable to the

prosecution, any reasonable jury could find guilt beyond a reasonable doubt. *United States v. Talley*, 164 F.3d 989, 996 (6th Cir. 1999). A defendant making such a challenge bears a very heavy burden. *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Id.* (internal quotation marks and citation omitted). The jury may draw any reasonable inferences from direct, as well as circumstantial, proof. In assessing the sufficiency of the evidence, "we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Wright*, 16 F.3d 1429, 1440 (6th Cir. 1994). "[W]e draw all available inferences and resolve all issues of credibility in favor of the jury's verdict." *United States v. Salgado*, 250 F.3d 438, 446 (6th Cir. 2001).

In challenging the sufficiency of the evidence, Mr. Weekes maintains he did not initiate the altercation, that he was defending himself against Officer Slagle's assault. Yet, the jury not only heard Mr. Weekes' contention of self-defense at trial, but also heard Mr. Weekes' admission that he resisted Officer Slagle's attempt to restrain him, and that he instead forced Officer Slagle to the floor. The jury further heard testimony that Officer Slagle attempted to restrain Mr. Weekes, that the Appellant grabbed Officer Slagle, forced him to the ground and sat on the officer while attempting to punch the officer in the face. The jury heard testimony that several officers had to pull Mr. Weekes off Officer Slagle.

To support a conviction for a violation of 18 U.S.C. § 111(a)(1), the Government must show that the defendant forcibly assaulted (or resisted, opposed, impeded, intimidated, or interfered with)

a federal official engaged in the performance of his or her official duties. *See United States v. Robinson*, 86 F. App'x. 820, 821 (6th Cir. 2003). The Indictment alleged that Mr. Weekes "with physical contact, did forcibly assault and intimidate correctional officer B.S. while B.S. was in the performance of his official duties as a correctional officer, all in violation of 18 U.S.C. § 111(a)(1)."

The Sixth Circuit has recognized that, for purposes of section 111, an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. *See United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992); *see also id*. at 580 (noting that an individual has a limited right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). To do so, however, a defendant must offer evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Urena,* 659 F.3d 903, 907 (9th Cir. 2011) (quoting *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006)). Moreover, an individual who is the attacker cannot make out a claim of self-defense as a justification for an assault. *Id*.

In this instance, the jury found that Mr. Weekes "forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with" Officer Slagle. The jury found Mr. Weekes acted while the Officer "was then engaged in the performance of his official duties," that Weekes "acted knowingly and intentionally," and that he "was not acting in self defense."

Viewing the evidence in the light most favorable to the prosecution, Mr. Weekes' challenge to the sufficiency of the evidence falls far short of the burden necessary to overturn his conviction. The Government introduced ample proof from which the jury could reasonably infer that Weekes purposefully assaulted Officer Slagle, that he made physical contact with the officer, and that he was not acting in self defense. In particular, Officer Slagle testified that Weekes became increasingly belligerent and aggressive when the Appellant realized the officer would not sign a form for extra bedding. Officer Slagle testified that he asked Weekes to go to the lieutenant's office and when Officer Slagle attempted to leave his own office Weekes blocked Officer Slagle's exit. Officer Slagle testified that he then attempted to restrain Weekes, who resisted, knocking Officer Slagle backwards onto his desk, grabbing the officer by the shirt, slamming him against a bookshelf, and finally pinning the officer to the floor with his body as he tried to punch the officer in the face. Officers Joseph Crawford, Mark Dixon, and Ervin Foster testified to seeing Mr. Weekes on top of Officer Slagle and pulling Weekes off while the Appellant continued to fight.

In addition, Mr. Weekes testified that Officer Slagle "was kind of choking me," and "wouldn't stop struggling with me. So I made my decision to put Officer Slagle on the floor." Mr. Weekes also testified that after he forced Officer Slagle down, he put his knees on the officer and "held him down."

Given the strength of the evidence against the Appellant, the jury rejected his theory of self-defense and convicted him of assaulting Officer Slagle. From the evidence presented, the jury could reasonably conclude that Mr. Weekes knew Officer Slagle was a federal officer, was carrying out

his official duties, and that the officer was not engaged in the use of excessive force. These reasonable conclusions negated Mr. Weekes' claim of self-defense.

III.

Mr. Weekes did not object to the jury instruction over which he now appeals. As such, the Court reviews the issue for plain error. *Johnson v. United States*, 520 U.S. 461, 465–66 (1997). Mr. Weekes must show that the instruction was (1) error (2) that was plain, (3) that affected substantial rights and (4) that, if uncorrected, would "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

Mr. Weekes contends the Verdict Form did not include the element necessary to make the Appellant's conviction a felony-level version of the offense because the jury was not asked to find that Mr. Weekes forcibly or intentionally created physical conduct himself. Mr. Weekes seeks to have his sentence vacated and remanded for resentencing for the misdemeanor-level offense of 18 U.S.C. § 111 consistent with the jury's verdict.

Mr. Weekes' plain error challenge of the jury instructions runs aground on the third and fourth requirements that he show his sentence violates his substantial rights or seriously affects the fairness, integrity, or public reputation of the judicial proceedings. The jury instruction element missing was that the jury must find Mr. Weekes' conduct resulted in physical contact with Officer Slagle. Yet, where the entire corpus of the trial consisted of uncontroverted witness testimony of a physical alteration, including Mr. Weekes' admission that he "put Officer Slagle on the floor" and

"held him down," we cannot find the jury instruction error anything more than harmless. Nor, is an error implicated under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where, as here, the evidence is both overwhelming and uncontroverted as to the element requiring proof. *See United States v. Osborne*, 673 F.3d 508, 513 (6th Cir. 2012) (finding no plain error where the element in question was entirely uncontroverted); *United States v. Cleaves*, 299 F.3d 564, 569 (6th Cir. 2002) (finding the overwhelming nature of the evidence presented avoided any plain error); *United States v. King*, 272 F.3d 366, 379-80 (6th Cir. 2001) (finding defendants' substantial rights not affected by Apprendi error because the defendants' failed to object and the evidence was undisputed and overwhelmingly reliable).

## IV.

For the foregoing reasons, we find that the evidence is sufficient to support Mr. Weekes' felony assault conviction, and that the alleged jury instruction error is not plain error in light of the overwhelming uncontradictory evidence of physical conduct. We affirm the conviction and sentence.