**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

DONZELL WAYNE BIGGS, aka
Maynard Wayne Hurley,
          *Defendant-Appellant.*

No. 04-50613

D.C. No.
CR-03-01182-LGB

OPINION

Appeal from the United States District Court
for the Central District of California
Lourdes G. Baird, District Judge, Presiding

Argued and Submitted
December 7, 2005—Pasadena, California

Filed March 31, 2006

Before: Robert R. Beezer, Cynthia Holcomb Hall, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Beezer

## COUNSEL

Elizabeth A. Newman, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Jason De Bretteville, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

## OPINION

BEEZER, Circuit Judge:

Donzell Wayne Biggs (aka Maynard Wayne Hurley) pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3) and possession of contraband in prison in violation of 18 U.S.C. § 1791(a)(2). He was sentenced to 84 months in prison. The guilty plea reserved the right to argue on appeal that the district court erred by precluding Biggs from presenting evidence and arguing to a jury that he was acting in self-defense. Fed. R. Crim. P. 11(a)(2).[1] We conclude that the district court failed to properly define the elements of a claim of self-defense.

I

Biggs has been in federal custody serving a life sentence for first degree murder since 1977. In 2001, Biggs was incarcerated at Lompoc, United States Penitentiary and was being housed in its administrative segregation unit. In the segregation unit, inmates are left in their two-person cells twenty-three hours a day. During the twenty-fourth hour, four prisoners at a time are allowed access to a recreation cage. Prisoners are walked handcuffed to the cage and, once inside, are

---

[1]We review *de novo* the district court's ruling on the motion *in limine* because the order precludes the presentation of a defense. *United States v. Ross*, 206 F.3d 896, 898-99 (9th Cir. 2000).

instructed to put their hands through the bars so that officers can remove the handcuffs.

On April 26, 2001, Biggs attacked a fellow inmate, Michael Smith, with an 8-inch homemade knife while they were inside the recreation cage. Biggs stabbed Smith in the arm and ear. Biggs alleges that he was acting in self-defense because he knew that Smith had been attempting to procure a knife from other inmates and had threatened him on the way to the cage. The district court concluded that Biggs had not made out a prima facie claim of self-defense because he could not show that there were no reasonable alternatives to the use of force.

## II

[1] In order to make a prima-facie case of self-defense, a defendant must make an offer of proof as to two elements: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances. *See United States v. Keiser,* 57 F.3d 847, 851 (9th Cir. 1995). The district court erred by requiring Biggs to present evidence of a third element, that there were "no reasonable alternatives to the use of force," in order to make out a prima facie case of self-defense.

[2] Evidence that a defendant had no reasonable opportunity to avoid the use of force is relevant only to a defense of justification, whether labeled duress, coercion or necessity,[2] and is not an element of a claim of self-defense. Compare Ninth Circuit Model Jury Instructions 6.5, 6.6, and 6.7. Justification defenses are significantly more constrained than the defense of self-defense and require showing both that the

---

[2]"Necessity is the defense one pleads when circumstances force one to perform a criminal act. Duress, or coercion, applies when human beings force one to act." *United States v. Nolan*, 700 F.2d 479, 484 n.1 (9th Cir. 1983).

defendant had no reasonable opportunity to escape the harm and that he had not recklessly placed himself in a dangerous situation. *United States v. Nolan*, 700 F.2d 479, 484 (9th Cir. 1983); *see also United States v. LaFleur*, 971 F.2d 200, 206 (9th Cir. 1991) (duress is not a defense to murder, nor will it mitigate murder to manslaughter). Self-defense is distinct from these other justification defenses and is a viable defense for any defendant who presents evidence that he had a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force.

**[3]** We reject the reasoning of the Seventh Circuit that "absence of lawful alternatives is an element of all lesser-evil defenses, of which self-defense is one." *United States v. Haynes*, 143 F.3d 1089, 1090-91 (7th Cir. 1998); *see also United States v. Bello*, 194 F.3d 18, 26-27 (1st Cir. 1999) (citing *Haynes*).

**[4]** The district court's application of the incorrect legal standard for self-defense requires reversal because we cannot conclude that the error was harmless beyond a reasonable doubt.[3] *See United States v. Pierre*, 254 F.3d 872, 877 (9th Cir. 2001).

**REVERSED and REMANDED**

---

[3]We do not address whether Biggs' offer of proof is sufficient to allow a self-defense claim to be presented to a jury nor whether the district court's preclusion of the defendant's proffered expert testimony was proper.