**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Odalis PEREZ–JIMENEZ, aka Odalis
Perez–Jiminez, Defendant—
Appellant.**

**No. 05–50843.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed Jan. 22, 2007.

Becky S. Walker, Esq., Rupa Goswami, Esq., USLA-Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Odalis Perez–Jimenez, Atwater, CA, pro se.

Suzanne M. Lachelier, Esq., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, KLEINFELD, and SMITH, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Odalis Perez–Jimenez appeals his conviction of three crimes of assault committed in federal prison. As the parties are familiar with the facts of the case, we recount them only as necessary to support the court's decisions. Perez–Jimenez contends that (1) the government violated his due process rights by failing to preserve certain evidence, (2) the district court abused its discretion and violated his rights under the Confrontation Clause by excluding evidence of certain of the victim's prior convictions and prior bad acts, and (3) the district court committed both plain and constitutional error by admitting evidence on available alternatives to the use of force. We have jurisdiction under 28 U.S.C. § 1291 and we affirm the district court in all respects.

## FAILURE TO PRESERVE EVIDENCE

▮ The government did not violate Perez–Jimenez's due process rights by fail-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing to preserve the particular broom involved in the assault or the "unit roster" of inmates present in the section of the prison where the assault occurred on the day of the attack. Because the unpreserved evidence was only—at best—potentially exculpatory, Perez–Jimenez was required to show that the government destroyed the evidence in bad faith. *Arizona v. Youngblood,* 488 U.S. 51, 57–58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). He has not made this showing. Furthermore, Perez–Jimenez was able to both present photographic and testimonial evidence of the broom and to cross-examine several eyewitnesses to the attack. Failure to preserve the broom and unit roster therefore did not preclude Perez–Jimenez from presenting comparable evidence at trial. *See California v. Trombetta,* 467 U.S. 479, 488–90, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).

## LIMITATIONS ON CROSS-EXAMINATION OF THE VICTIM

■ Perez–Jimenez challenges the district court's exclusion of: (1) the victim's prior felony convictions over ten years old under FED.R.EVID. 609(b); (2) prior misdemeanor convictions for shoplifting and for bringing alcohol into a prison under FED.R.EVID. 609(a)(2) as crimes not involving dishonesty or false statement; and (3) specific instances of the victim's past violent conduct under FED.R.EVID. 404 and 405. We review the district court's limitation of impeachment evidence for abuse of discretion. *United States v. Geston,* 299 F.3d 1130, 1137 (9th Cir.2002). The district court here applied the proper rules of evidence and the proper legal standards to admit some impeachment evidence, but exclude other such evidence. On the record before this court, we cannot say the district court abused its discretion in so doing.

Moreover, the limitations of Perez–Jimenez's cross-examination of the victim did not violate his rights under the Confrontation Clause of the Sixth Amendment. The district court did permit Perez–Jimenez to introduce evidence of several of the victim's felony convictions and allowed extensive cross-examination of the victim regarding his propensity for violence. Therefore, even without the excluded evidence, the jury had "sufficient information to appraise the biases and motivations of the witness." *United States v. Holler,* 411 F.3d 1061, 1066 (9th Cir.2005) (citation omitted).

## ALTERNATIVES TO THE USE OF FORCE

■ At trial, the government introduced evidence of possible alternatives to the use of force available to Perez–Jimenez. Because Perez–Jimenez did not object to the admission of such evidence in the court below, we review only for plain error. Perez–Jimenez bears the burden of demonstrating (1) there was an error, (2) that error was "plain"—i.e. clear and obvious—and (3) that error affected his "substantial rights." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Recio,* 371 F.3d 1093, 1099–1100 (9th Cir.2004). If Perez–Jimenez makes this showing, the court should exercise its discretion to reverse only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano,* 507 U.S. at 736, 113 S.Ct. 1770 (citation omitted).

Perez–Jimenez has not met this burden. Perez–Jimenez relies on this court's decision in *United States v. Biggs,* 441 F.3d 1069 (9th Cir.2006), which held that absence of reasonable alternatives to the use of force is not a required element of a self-defense claim. *Id.* at 1071. This reliance is misplaced. Because the district court in

the present case did not require proof of the absence of such alternatives as an element of the claim, and because the jury may have considered Perez–Jimenez's knowledge of availability of alternatives as probative of his state of mind and the reasonableness of his use of force, admission of this evidence was not plain error affecting his substantial rights.

For these same reasons, Perez–Jimenez has not demonstrated that the admission of such evidence was error rising to the level of a violation of his constitutional right to a fair opportunity to present a defense. *Cf. Crane v. Kentucky,* 476 U.S. 683, 690–91, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (finding a deprivation of this right when the state court precluded defendant from presenting evidence of the physical and psychological circumstances surrounding his confession); *Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (state court deprived defendant of his due process right to fair trial by precluding him from, among other things, presenting evidence that he did not commit the crime, cross-examining a witness who repeatedly confessed to the crime but later withdrew the confession, and calling the multiple witnesses to whom that witness had previously confessed).

**AFFIRMED.**