NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50533 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00078-GAF-2 |
| v. | |
| CHRISTOPHER CRAMER, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50161 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00078-GAF-1 |
| v. | |
| RONNIE LEE HOUSTON, AKA Cowboy, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 7, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and EZRA, District Judge.[**]

Christopher Cramer and Ronnie Lee Houston ("Defendants") appeal their convictions for multiple counts of assault. Defendants were convicted of three counts related to their assault of a fellow inmate, Scotty Justice, and Houston was convicted of two counts related to his assault of fellow inmate, Mikael Thomas. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** Cramer argues that he was denied a "meaningful opportunity" to represent himself when the district court said that it would deny his motion for a six-month continuance to prepare for trial. *United States v. Farias*, 618 F.3d 1049 (9th Cir. 2010). In contrast to the factual scenarios presented in *Farias* and *Armant v. Marquez*, 772 F.2d 552 (9th Cir. 1985), in which defendants were told that they could proceed *pro se* but would have less than 24-hours to prepare for trial, the district court did not abuse its discretion in proposing to limit Cramer's preparation to eleven weeks. In the district court, Cramer presented no plausible argument as to why he would require more time to prepare for trial and there was no evidence

---

[**]   The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

that Cramer's counsel would obstruct Cramer's attempt to proceed *pro se.* Instead, when the district court denied a six-month continuance, Cramer withdrew his request to represent himself and never again raised the issue with the district court.

**2.**

**a.** Defendants next argue that the district court erred when it granted the government's *in limine* motion to preclude Defendants from presenting evidence to the jury that they acted in self defense when assaulting Justice. "In order to make a prima-facie case of self-defense, a defendant must make an offer of proof as to two elements: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006) (citing *United States v. Keiser,* 57 F.3d 847, 851 (9th Cir. 1995)).

If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial. *United States v. Bailey*, 444 U.S. 394, 415 (1980); *see also United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982).

Here, taking Defendants' proffered evidence as true, the district court determined that Defendants failed to meet their burden of offering legally

sufficient evidence to support a finding that they had a "reasonable belief that the use of force was necessary to defend [themselves] or another against the immediate use of unlawful force." *Biggs*, 441 F.3d at 1071. We agree. In any event, the proffered evidence provided no support for a finding that Defendants used "no more force than was reasonably necessary in the circumstances." *Id*. The video recording of the event clearly shows Houston approach Justice from behind and garrote him while Cramer repeatedly stabs Justice. Even after Justice had fallen to the ground bleeding, Defendants continued attacking Justice until corrections officers shot bursts of pepper spray at Defendants.

We hold that the district court did not err when it granted the government's motion *in limine*, finding that Defendants' proffers failed as a matter of law.

**b.** Houston additionally argues that the district court erred when it limited his trial testimony concerning his claim of self defense in the Justice assault. A defendant's ability to put forth evidence of an affirmative defense may properly be tested *in limine*. *Shapiro*, 669 F.2d at 596 ("If the evidence as described in Shapiro's offer of proof was insufficient as a matter of law to support a duress defense the trial court was correct in excluding that evidence."); *see Bailey*, 444 U.S. at 415. Because Houston's offer of proof regarding his claim of self defense was insufficient as a matter of law, the trial court did not err in precluding him

from testifying in support of that theory. *United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996). Therefore, the district court did not err in limiting Houston's testimony here.

**c.** Houston also argues that the district court erred in limiting the self-defense jury instruction to the Thomas assault (excluding the Justice assault). Houston points to no specific evidence that was presented to the jury that went beyond the legally insufficient offers of proof. We hold that the district court did not err when it did not give a self-defense instruction related to the Justice assault. *See United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 1727 (2012).

**3.** Defendants next argue that the district court erred when it appointed counsel to several potential defense witnesses (specifically Johnson, Shull, and Wiggins), thereby denying Defendants their right to due process. There is no evidence that the district court or prosecution acted coercively or did anything to "'effectively dr[i]ve th[e] witness[es] off the stand.'" *United States v. Jaeger*, 538 F.3d 1227, 1231 (9th Cir. 2008) (quoting *Webb v. Texas,* 409 U.S. 95, 98 (1972) (per curiam) (first alteration in *Jaeger*) and citing *United States v. Vavages*, 151 F.3d 1185, 1189 (9th Cir. 1998)).

Here, the record indicates that witnesses Johnson, Shull and Wiggins all faced the possibility of incriminating themselves were they to testify. The government proffered, *inter alia*, that Johnson had assaulted Thomas in tandem with Houston. Indeed, Thomas ultimately testified that Johnson assaulted him with a "rock in a sock" during the incident. The government also proffered that during the Justice assault, Wiggins and Shull appeared to hold Justice's attention while Houston and Cramer staged their attack. Shull had also told investigators that he smuggled in and passed a knife to Justice prior to the assault; and Wiggins had told investigators that his prison gang was "doing a little house cleaning." The other witnesses for whom counsel was appointed also ran the risk of incriminating themselves by testifying. Therefore, the district court did not err when it appointed counsel to these potential witnesses.

**4.** Houston next argues that there was insufficient evidence to support his convictions for assault with a dangerous weapon, 18 U.S.C. § 113(a)(3), and assault causing serious bodily injury, *id*. (a)(6). Viewing the evidence in the light most favorable to the government, the evidence was "adequate to allow 'a[] rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (second

-6-

alteration in *Nevils*). Thomas testified that Houston stabbed him multiple times and chased him down the tier after Thomas had stumbled out of Houston's cell onto the ground and freed himself to run away. The video evidence corroborates Thomas's testimony and shows Houston stabbing Thomas while Thomas is on the ground and chasing Thomas along the tier and down a flight of stairs.

**5.** Defendants finally argue that cumulative error warrants reversal. This argument fails because there were no errors. "There can be no cumulative error when a defendant fails to identify more than one error." *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir.) *cert. denied*, 133 S. Ct. 109 (2012).

**AFFIRMED.**