**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10216 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00004-RCJ-VPC-1 |
| v. | |
| DANIEL JAMES DRAPER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted March 13, 2015
San Francisco, California

Before: WALLACE, M. SMITH, and WATFORD, Circuit Judges.

**1.** Daniel Draper argues that the district court abused its discretion in

excluding newspaper reports, arrest records, and witness testimony relating to prior

arrests of the victim, Linford Dick. The district court reasoned that such evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

was inadmissible under Federal Rules of Evidence 404(b) and 802. Draper preserved his objection to the district court's ruling by raising the issue at trial.

A defendant has acted in reasonable self-defense if he (1) had "a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force," and (2) used "no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). Draper contends that the excluded evidence was relevant to the first prong of this showing and should have been admitted. In *United States v. James*, 169 F.3d 1210 (9th Cir. 1999) (en banc), we held that extrinsic evidence of the victim's past violent acts should have been admitted to corroborate the defendant's testimony that she had reason to fear the victim. *Id.* at 1214. Although *James* provides some support for Draper's argument, we need not decide whether the district court abused its discretion by excluding Draper's proffered evidence. Even if the district court abused its discretion in that regard, any such error was harmless. *See United States v. Bradley*, 5 F.3d 1317, 1322 (9th Cir. 1993).

The government has met its burden of showing that admission of the excluded evidence would not have been likely to change the jury's verdict. The evidence at trial overwhelmingly negated the second prong of the test for self-

defense—whether Draper used no more force than was reasonably necessary. At trial, Draper admitted that he had decided to confront Dick because he "felt that [Dick] was going to be coming after [Draper] anyway." He also admitted that, upon arriving at his ex-wife's home and finding that the door would not open, he broke through the window because he "wanted this confrontation[,] . . . wanted to be done with [Dick]." Once inside, Draper shot Dick and "use[d] the gun as a battering ram, hit[ting] [Dick] in the head" and fracturing his skull. Draper testified that he feared for his safety because Dick had charged at him, but Dick was unarmed and Draper had gotten the better of him in their two prior physical altercations. Because the excluded evidence would have been admissible only as to the first prong of the test for self-defense, its admission would not have changed the jury's evaluation of the evidence relating to the second prong. On this record, then, it is more probable than not that even if the excluded evidence had been admitted, the jury would have returned the same verdict.

**2.** The district court did not commit reversible error at sentencing. First, there was no procedural error. "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant [18 U.S.C.] § 3553(a) factor . . . the judge should normally explain why he accepts or rejects the party's position," but he need not otherwise "tick off each of the § 3553(a) factors to show that [he] has considered

them." *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). While the district judge in this case did not explicitly address every factor raised by the defense, he adopted the prosecutor's reasoning, which had addressed those factors.

Second, although the sentence was six years above the high end of the applicable guidelines range, it was not substantively unreasonable. *See United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc) ("[R]eview of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases."). While Draper appears to have led a relatively peaceful life and enjoyed strong community support, the district court did not abuse its discretion in imposing the statutory maximum sentence in light of the brutal nature of the crime and Draper's apparent lack of remorse. *See id.* at 1086.

Finally, Draper argues that the district court sentenced him to a crime of which he was acquitted (murder), thereby violating his Sixth Amendment rights. However, the sentence was within the statutory ranges for voluntary manslaughter and use of a firearm in connection with a crime of violence causing death, the crimes of which Draper was convicted. *See* 18 U.S.C. § 924; 18 U.S.C. § 1112. Therefore, no Sixth Amendment violation occurred. *See United States v. Alleyne*,

133 S. Ct. 2151, 2163 (2013) (noting the "broad discretion of judges to select a sentence within the range authorized by law").

**AFFIRMED.**