**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WILLIE JAMES McNEAL,<br><br>Defendant-Appellant. | No.   17-10421<br><br>DC No. CR 16-0014 GEB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 14, 2019[**]
San Francisco, California

Before:      WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

Defendant Willie James McNeal ("McNeal") appeals from his conviction for

assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6).  The assault

occurred in a prison setting.  He contends that the district court erroneously denied

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

his motion *in limine* to present evidence of self defense and requesting a self defense jury instruction, and erroneously excluded portions of McNeal's testimony as well as McNeal's proffered expert at trial. McNeal argued that the victim had previously threatened McNeal at least twice and that, immediately prior to the attack, McNeal realized that the victim was leading McNeal to an ambush in the laundry room where the victim and his friends would beat up McNeal. Because of these threats and the imminent ambush, McNeal argued that he had to preemptively attack the victim to protect himself.

Where, as here, the district court's ruling on the motion *in limine* precludes the presentation of a defense, we review de novo. *See United States v. Biggs*, 441 F.3d 1069, 1070 n.1 (9th Cir. 2006). We review for abuse of discretion a district court's evidentiary rulings, *Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005), and rulings on the admissibility of expert testimony, *United States v. Castaneda*, 94 F.3d 592, 595 (9th Cir. 1996). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court was correct to deny McNeal's motion *in limine* because McNeal could not demonstrate that he had "a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force." *Biggs*, 441 F.3d at 1071; *see also United States v. Glaeser*, 550

2

F.2d 483, 487 (9th Cir. 1977) (holding that a defendant must make out a prima facie case in order to present evidence of an affirmative defense at trial). It is uncontested that McNeal struck the first blow in the altercation that led to his assault conviction. Under this Circuit's precedent, McNeal is therefore foreclosed from presenting a theory of self defense because he preemptively attacked. *See United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault."); *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (explaining that "even if [the victim] possessed a knife, the evidence was undisputed that it was [the defendant] who was the attacker, and thus he could not in those circumstances successfully urge a self defense theory"). Thus, even taking as true McNeal's allegation that the victim of the assault had previously threatened McNeal and was planning an ambush in the laundry room, McNeal was not entitled to use preemptive self defense. *See id.*. Accordingly, the district court did not err in denying McNeal's motion *in limine*.

2.     The district court also did not abuse its discretion in excluding McNeal's testimony regarding the victim's alleged prior threats, nor in excluding McNeal's proffered expert. McNeal argues that both should have been admitted because they were relevant to the issue of self defense. However, because the trial

3

court did not err in denying McNeal's motion to put forward a theory of self defense, it did not abuse its discretion in excluding evidence related only to that theory of self defense. *Cf. United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (explaining that the district court did not err by failing to rule on a motion *in limine* after the defendant waived is right to a jury trial and the evidence would no longer go before the jury)).

**AFFIRMED.**