NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation, | Nos. 23-55451 24-244 |
| Plaintiff-Appellee, | D.C. No. 5:18-cv-01882-JGB-SHK |
| v. | |
| VITAL PHARMACEUTICALS, INC., DBA VPX Sports, a Florida corporation, | MEMORANDUM* |
| Defendant, | |
| and | |
| JOHN H. OWOC, AKA Jack Owoc, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted April 2, 2025
Pasadena, California

Before: GILMAN**, M. SMITH, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

Defendant-Appellant John H. Owoc appeals from a final judgment of the district court in favor of Plaintiff-Appellee Monster Energy Company (Monster), as well as the district court's entry of a permanent injunction against Owoc and Vital Pharmaceuticals, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts and background of this case, we provide only the information necessary to give context to our ruling. Monster brought an action against Owoc and Vital Pharmaceuticals alleging, *inter alia*, that the defendants had violated Section 43(a) of the Lanham Act by falsely advertising that their energy drink BANG contained "Super Creatine" when, in fact, it did not contain creatine—let alone some super version of it—and did not provide any of the health benefits associated with creatine. *See* 15 U.S.C. § 1125(a)(1)(B). The matter proceeded to trial, with the district court largely granting Monster's requests to exclude three types of evidence: evidence about the results of surveys that Monster originally commissioned, evidence of Monster's own allegedly improper conduct, and evidence from separate lawsuits between the parties about Monster's conduct.

After a jury trial that lasted over five weeks, the jury returned a verdict in favor of Monster, finding, *inter alia*, that Owoc and Vital Pharmaceuticals were liable for false advertising under the Lanham Act. The jury awarded Monster over $270 million in damages, and the district court entered a permanent injunction

prohibiting Owoc and Vital Pharmaceuticals from advertising that BANG contained creatine or Super Creatine.

Owoc appeals the entry of the judgment in favor of Monster and the entry of the permanent injunction. All of Owoc's challenges relate to the district court's evidentiary rulings and, specifically, its exclusion of evidence.[1] We review the district court's exclusion of evidence for an abuse of discretion.[2] *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022).

1. The district court did not abuse its discretion in excluding evidence of surveys (the InfoScout Surveys) that were originally commissioned by Monster but proffered by Owoc. For a survey to be admissible, there must be a "proper foundation for admissibility," and the survey must be "conducted according to accepted principles." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001); *see also Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1036 (9th Cir. 2010). Thus, although methodological

---

[1] Although Owoc suggests in passing that the injunction is "overbroad," he does not develop overbreadth as an independent argument, and it is clear that his challenge to the permanent injunction rises and falls with his evidentiary arguments.

[2] Owoc argues that we should review the district court's evidentiary rulings de novo because the rulings effectively prevented him from presenting a defense. We are unpersuaded; we review a ruling in limine de novo when that ruling entirely precludes the presentation of a defense, *see, e.g.*, *United States v. Biggs*, 441 F.3d 1069, 1070 n.1 (9th Cir. 2006)—not when, as here, a ruling in limine makes it more difficult for a party to prove their defense.

concerns with a survey go to weight rather than admissibility, "[t]he proponent [of the survey] must show that the survey was conducted in accordance with generally accepted survey principles" in order for it to be admissible. *Keith v. Volpe*, 858 F.2d 467, 480 (9th Cir. 1988); *see also M2 Software, Inc. v. Madacy Ent.*, 421 F.3d 1073, 1087 (9th Cir. 2005).

The district court acted within its discretion in excluding the InfoScout Surveys (and evidence derived from them) because Owoc, the proponent of the evidence, did not show that the surveys were conducted according to generally accepted principles. The evidence at issue was a set of slides summarizing the survey results—not the survey results or data itself. And although Owoc got an extension of time from the district court to depose a witness from InfoScout who could testify about the surveys, he failed to do so. Owoc also failed to identify any other witness who could testify about the surveys' principles, design, or methodology. Contrary to Owoc's counterarguments, even though the surveys were originally commissioned by Monster, he still had the burden to show that they were conducted according to generally accepted principles, and it was his failure to carry this burden that caused the district court to exclude the evidence—not methodological concerns.

2.      The district court did not abuse its discretion in excluding evidence about Monster's own conduct, including evidence about Monster's line of products.

*First*, Owoc challenges the district court's exclusion of evidence that Monster allegedly made unsupported claims about the health benefits of its existing line of energy drinks. The district court excluded this evidence because it was irrelevant to the merits of Monster's Lanham Act claim or Owoc's affirmative defenses. This was not an abuse of discretion.

Only relevant evidence is admissible, *see* Fed. R. Evid. 402, and evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (quoting Fed. R. Evid. 401). Evidence of the allegedly false claims in Monster's line of existing products was entirely irrelevant to the key issue at trial: whether Monster had shown that Owoc's advertisement of BANG as containing Super Creatine was false advertising under the Lanham Act. *See Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (listing the elements of a Lanham-Act false advertising claim). Indeed, such evidence would likely have created a mini trial on Monster's own advertisements and would have risked confusing the jury. *See Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001).

The district court also acted within its discretion in concluding that the allegedly false advertising in Monster's existing line of products was irrelevant to

Owoc's unclean-hands defense.[3]  "To prevail [on an unclean-hands defense], the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).  "In applying the doctrine, '[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants.'" *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985) (alteration in original) (quoting *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 349 (9th Cir. 1963), *as amended on denial of reh'g* (Mar. 22, 1964)), *abrogated on other grounds by Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1527–28 (9th Cir. 1993).  The district court acted within its discretion in concluding that evidence of Monster's allegedly false marketing of the health benefits of its own products was irrelevant to Owoc's unclean-hands defense because none of Monster's products falsely purported to contain creatine or Super Creatine, which is what is at issue in this case.  *Cf. POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1096 (C.D. Cal. 2016).

---

[3]  Although Owoc nominally discusses the affirmative defenses of waiver and laches in his opening brief, he argues only that the district court erred in reasoning that "reliance" is an element of laches or waiver.  He fails to show *how* evidence of Monster's advertisement of its existing line of products would be relevant to the merits of these defenses, and we will not take up his mantle.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

The district court reasonably concluded that evidence that Monster had engaged in a different form of false advertising was simply too far afield to give rise to an unclean-hands defense.

*Second*, due to inadequate appellate briefing, Owoc has waived any challenge to the district court's ruling that evidence that Monster attempted to develop an energy drink containing creatine was (1) relevant to the merits of Monster's Lanham Act claim for the purpose of defining creatine, but (2) irrelevant to Owoc's affirmative defenses. It is unclear from Owoc's opening brief whether he intended to raise this as a separate argument. Even if he intended to do so, all he asserts in his brief is that the district court erred in assuming that reliance was an element of each of his affirmative defenses. Fatally, that is *all* Owoc argues; he makes no effort whatsoever to show how the evidence that Monster attempted to develop a creatine drink could be relevant to any of his affirmative defenses. In light of this failure, we decline to consider the issue further.[4] *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

3.  The district court did not abuse its discretion in excluding evidence of

---

[4] In any event, testimony *was* presented at the trial that Monster attempted to develop an energy drink containing creatine but was unable to do so. In light of this, it is hard to see how Owoc could be prejudiced by the district court's ruling in limine. *See Sidibe v. Sutter Health*, 103 F.4th 675, 691–92 (9th Cir. 2024). Indeed, Owoc has pointed to *no* evidence that he was not permitted to introduce that would have borne on his affirmative defenses.

allegations about Monster that Owoc made in unrelated litigation between the parties—and even if there was error in excluding some of this evidence, it would be harmless.

*First*, the district court did not abuse its discretion in excluding evidence that Reign was purportedly developed as a copycat of BANG minus the "Super Creatine." And even if that evidence should have been admitted, Owoc was not prejudiced by its exclusion.

The district court did not abuse its discretion in concluding that the Reign evidence was irrelevant to the merits of Monster's false-advertising claim. Although reasonable minds could come to different conclusions as to whether this evidence could be relevant to materiality, the district court's reasoning was not "illogical," "implausible" or "without support in inferences that may be drawn from the facts in the record," so there was no abuse of discretion. *Unicolors*, 52 F.4th at 1063 (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

Nor did the district court abuse its discretion in concluding that the evidence was irrelevant to Owoc's affirmative defenses. The Reign evidence was plainly irrelevant to waiver, as it does not bear on whether there was "the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Ent., Inc.*, 843 F.2d 394, 399 (9th Cir. 1988). It was also irrelevant to estoppel. For a party to establish estoppel, it must

establish that "1) the party to be estopped must know the facts; 2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; 3) the latter must be ignorant of the true facts; and 4) he must rely on the former's conduct to his injury." *Id.* The Reign evidence does not bear on these elements. Moreover, the district court could reasonably have concluded that the evidence was irrelevant to Owoc's unclean-hands defense because evidence about the development of Reign—which does not contain creatine or purport to do so—is not sufficiently related to the claim that Owoc made false advertisements that BANG contained creatine. *See Fuddruckers*, 826 F.2d at 847; *Ellenburg*, 763 F.2d at 1097; *see also POM Wonderful*, 166 F. Supp. 3d at 1095. As to laches, Owoc forfeited this argument by failing to raise it before the district court and raising it for the first time on appeal. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010). In any event, where, as here, "the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002).

Moreover, even if the district court did err in concluding that evidence about the development of Reign was irrelevant, that would not justify reversal. The district court also observed that even if the evidence had some probative value, it would still exclude the Reign evidence because such evidence "would only confuse the jury and cause undue delay." The district court acted well within its discretion in concluding

that the minimal—if any—probative value of the Reign evidence was substantially outweighed by the risk of jury confusion. *See* Fed. R. Evid. 403; *see also City of Long Beach v. Standard Oil Co. of Cal.*, 46 F.3d 929, 938 (9th Cir. 1995).

Additionally, evidentiary errors warrant reversal only if those errors were prejudicial. *Sidibe v. Sutter Health*, 103 F.4th 675, 691–92 (9th Cir. 2024). Even assuming that there was error in excluding the evidence that Reign was allegedly developed as a copycat of BANG, Owoc was not prejudiced by the error because substantial evidence was presented to the jury about how Reign was developed to compete with BANG and that the products contained similar ingredients, except for "Super Creatine." Indeed, Owoc relied on this evidence in arguing that the development of Reign shows that the inclusion of "Super Creatine" was not material to BANG consumer purchasing decisions.

*Second*, the district court did not abuse its discretion in excluding evidence that Monster's products allegedly caused adverse health effects in consumers. This evidence is irrelevant to the merits of Monster's false-advertising claim, which focuses on the false advertising in Owoc's products, not Monster's. Nor is it relevant to Owoc's affirmative defenses, including the doctrine of unclean hands. Moreover—and fatally—even if this evidence had some minimal probative value, the district court acted *well* within its discretion in concluding that the risk of unfair prejudice substantially outweighed that probative value. *See* Fed. R. Evid. 403.

23-55451, 24-244

"Unfair prejudice is an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (quoting *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013)). This is a classic case for Rule 403 exclusion. The information sought to be admitted is—at best—of little probative value and could lead the jury to decide the case on an improper ground: namely, that Monster's products are bad for consumers.

*Third*, the district court did not abuse its discretion by excluding evidence purportedly showing that Monster is litigious and has a pattern of filing lawsuits against competitors. But even assuming that this evidence has *some* probative value, the district court acted well within its discretion in excluding it. Evidence regarding a party's litigious nature or proclivity for filing lawsuits is ordinarily excluded unless it reveals that a party has previously made very similar claims and that these claims were fraudulent. *See McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006); 1 Robert P. Mosteller et al., McCormick on Evidence § 196 (9th ed.), Westlaw (database updated Feb. 2025); *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). Contrary to Owoc's position, this is simply not one of the exceedingly narrow circumstances in which evidence of a party's litigious nature is admissible. *Cf. Yates v. Sweet Potato Enters., Inc.*, No. C 11-01950 SBA, 2013 WL 4067783, at *3 (N.D. Cal. Aug. 1, 2013) (unpublished) (admitting such

evidence, subject to a limiting instruction, when a party had filed over one hundred identical lawsuits).

*Fourth*, we see no reversible error in the district court's exclusion of evidence about Monster's purported smear campaign against BANG (including the *Truth About Bang* campaign and the alleged interference with BANG's shelf space).

The district court did not abuse its discretion in concluding that evidence about the smear campaign was irrelevant to the merits of Monster's false-advertising claim. Contrary to Owoc's position, it is hard to see how evidence that Monster engaged in a smear campaign against BANG could bear on the "materiality" element of its false-advertising claim. And although Owoc asserts on appeal that the smear-campaign evidence was relevant to the damages that Monster was due on its Lanham Act claim, he fails to address the district court's ruling that he waived this argument by failing to develop it.

Finally, we turn to whether this evidence was relevant to Owoc's affirmative defenses. The district court did not abuse its discretion in concluding that evidence of the smear campaign was irrelevant to Owoc's unclean-hands defense. Likewise, the district court did not abuse its discretion in concluding that this evidence was irrelevant to the defense of estoppel. *See King Features Ent.*, 843 F.2d at 399 (discussing the elements of an estoppel defense). And even if we were to accept Owoc's argument that this evidence is relevant to the knowledge element of

estoppel, there was no prejudice since there was no way that Owoc would be able to establish the other elements of the defense—including reliance, that Monster intended to engender reliance, and that Owoc was ignorant of the false advertising while Monster was aware of it. *See id.* As to waiver, Owoc fails to adequately develop an argument as to how this evidence could be relevant to waiver. But even assuming that the district court erred in concluding that this evidence was irrelevant to a waiver defense, Owoc was not prejudiced by this ruling. Simply put, Owoc could not establish that Monster somehow waived its rights to bring a false-advertising claim by waging a campaign that, among other things, notified the public that BANG did not contain creatine.

**AFFIRMED.**