NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL RODITI; VENICE BEJARANO,

Plaintiffs - Appellees,

v.

NEW RIVER INVESTMENTS, INC.;
ALBERTO RODITI; GUILLERMO
RODITI DOMINGUEZ,

Defendants - Appellants.

No. 24-4928

D.C. No.
3:20-cv-01908-RBM-MSB

MEMORANDUM*

MANUEL RODITI; VENICE BEJARANO,

Plaintiffs - Appellees,

v.

NEW RIVER INVESTMENTS, INC.;
ALBERTO RODITI; GUILLERMO
RODITI DOMINGUEZ,

Defendants - Appellants.

No. 24-6647

D.C. No.
3:20-cv-01908-RBM-MSB

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted December 5, 2025[]
Pasadena, California

Before: BEA, BADE, and LEE, Circuit Judges.

Defendants-Appellants Alberto Roditi, his son Guillermo Roditi Dominguez, and their registered investment advisor firm, New River Investments, Inc. appeal the district court's entry of judgment in favor of Plaintiffs-Appellees Manuel Roditi and Venice Bejarano after a jury verdict. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendants managed three investment accounts for Plaintiffs: (1) Plaintiffs' joint Interactive Brokers (IB) account (the Joint IB Account); (2) Plaintiffs' joint TD Ameritrade account (the Joint TD Ameritrade Account); and (3) Bejarano's separate TD Ameritrade account shared with her son (collectively with the Joint TD Ameritrade Account, the TD Ameritrade Accounts). In 2019 and 2020, Defendants sold Plaintiffs' Tesla, Inc. shares from the Joint IB Account in an extremely risky strategy, which resulted in a loss of approximately $1,300,000. Plaintiffs' lawsuit followed and four claims proceeded to trial: (1) violation of Section 10(b) and Rule 10b-5 of the Securities Exchange Act; (2) violation of Section 20(a) of the Securities Exchange Act; (3) breach of fiduciary duty; and

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

24-4928

(4) breach of contract.

During trial, the district court excluded evidence, including expert testimony, on Plaintiffs' TD Ameritrade Accounts as not relevant and inadmissible under Federal Rule of Evidence 403. The jury found Defendants liable on all claims and returned a damages award of $2,100,000. The district court entered judgment in favor of Plaintiffs and denied Defendants' motion for a new trial based on duplicative damages. Defendants timely appealed the district court's entry of judgment.

1. The district court did not err in excluding evidence and expert testimony on the TD Ameritrade Accounts as irrelevant and inadmissible under Rule 403. We review the district court's evidentiary rulings for abuse of discretion.[1] *Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005); *Tekoh v. County of Los Angeles*, 75 F.4th 1264, 1265 (9th Cir. 2023).

At trial, Plaintiffs presented evidence relating to Defendants' mismanagement of Plaintiffs' Joint IB Account—not the TD Ameritrade Accounts. And Plaintiffs' TD Ameritrade Accounts involved separate investment advisory contracts, separate investment policy statements, and different risk tolerance levels

---

[1] Because the district court's evidentiary rulings did not entirely preclude Defendants from presenting their damages defense, we reject Defendants' argument that de novo review applies. *See United States v. Biggs*, 441 F.3d 1069, 1070 n.1 (9th Cir. 2006).

than Plaintiffs' Joint IB Account. Therefore, it was reasonable for the district court to exclude evidence and testimony on the TD Ameritrade Accounts as not relevant. And even assuming that the evidence and testimony on the TD Ameritrade Accounts were marginally relevant, the district court reasonably concluded that any relevance was outweighed by the risk of confusing the issues, misleading the jury, and unfair prejudice. *See Hardeman*, 997 F.3d at 967 ("A district court's Rule 403 determination is subject to great deference . . . ." (quoting *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc))). Because the district court's evidentiary rulings on the TD Ameritrade Accounts were not "illogical, implausible, or without support in inferences that may be drawn from the record," the district court did not abuse its discretion.[2] *Murray v. S. Route Mar. SA*, 870 F.3d 915, 922 (9th Cir. 2017) (quoting *Hinkson*, 585 F.3d at 1262).

2.      The district court did not err in denying Defendants' motion for a new trial based on duplicative damages. We review a district court's denial of a motion for a new trial on damages for abuse of discretion. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017); *Guy v. City of San Diego*, 608 F.3d 582, 585

---

[2] Even if the district court's evidentiary rulings were erroneous, any error was harmless given that Plaintiffs' injury relates to Defendants' mismanagement of the Joint IB Account—not the TD Ameritrade Accounts—and therefore, it is more probable than not that the jury's verdict would have been the same had the evidence and testimony been admitted. *See Hardeman v. Monsanto Co.*, 997 F.3d 941, 968 (9th Cir. 2021).

(9th Cir. 2010).  The court "afford[s] considerable deference to the district court's new trial decision and will not overturn the district court's decision to grant a new trial absent an abuse of discretion, meaning 'only when the district court reaches a result that is illogical, implausible, or without support in the inferences that may be drawn from the record.'"  *Experience Hendrix LLC v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014) (quoting *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam)).  We review a jury verdict of compensatory damages for substantial evidence, *Flores*, 873 F.3d at 751, which is evidence "adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion," *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

While double recovery in actions involving federal securities fraud and state common law claims is typically barred, *see Burgess v. Premier Corp.*, 727 F.2d 826, 837 (9th Cir. 1984), the court "must avoid reversing a jury verdict for lack of evidence or alleged double recovery if the verdict is capable of a 'correct interpretation' that is not illegal, and if the verdict is not 'hopelessly ambiguous,'" *Kaffaga v. Est. of Steinbeck*, 938 F.3d 1006, 1013 (9th Cir. 2019) (quoting *Roby v. McKesson Corp.*, 219 P.3d 749, 760 (Cal. 2009), *as modified*, (Feb. 10, 2010)).  Here, the district court reasonably concluded that the jury meant to award Plaintiffs a total of $2,100,000 and initially believed it was being asked to assign portions thereof to each cause of action.  Accordingly, "the verdict is not 'hopelessly

ambiguous' with respect to the damages awarded . . . but rather can be satisfactorily explained to avoid double recovery." *Flores*, 873 F.3d at 751 (citations omitted). Substantial evidence also supports the jury's total damages award. *See Pavao*, 307 F.3d at 918. At trial, Plaintiffs' damages expert testified that had Defendants not mismanaged Plaintiffs' Joint IB Account, the Joint IB Account's balance would have been $2,926,741. Therefore, based on the evidence presented at trial, the jury's damages award is within the reasonable range of recovery.

**AFFIRMED**.